## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

Morris Parks,

                                        Case No.:

            Plaintiff,

v.                                        **COMPLAINT**
                                                **WITH JURY TRIAL**

Capital One Services, LLC              **DEMAND**

            Defendants.

### PRELIMINARY STATEMENT

This action for damages is based on Defendant's frequent and unauthorized calls to Plaintiff's cellular telephone to collect a debt.  Plaintiff seeks monetary relief based on Defendant's violations of the Telephone Consumer Protection Act ("TCPA"), 27 U.S.C. § 227, and the Georgia Fair Business Practices Act ("GFPBA"), O.G.C.A. § 10-1-393 *et seq.*

### PARTIES

1. Plaintiff, Morris Parks, is natural person who resides in Fulton County, Georgia.

2. Defendant, Capital One Services, LLC (hereinafter "Capital One") does

business in Georgia.

3.   At all relevant times hereto, Defendant acted through its agents, employees,

officers, members, directors, and/or representatives.

## JURISDICTION AND VENUE

4.   This Court has federal question jurisdiction over Plaintiff's TCPA claim

pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227(b)(3).  *See Mims v. Arrow*

*Fin. Serv., LLC*, 132 S. Ct. 740, 753 (2012) (holding federal district courts

have federal question jurisdiction over TCPA claims).   This Court has

supplemental jurisdiction over Plaintiff's state law claims pursuant to 28

U.S.C. § 1367.

5.   This Court has personal jurisdiction over Defendant because Defendant

frequently and routinely conducts business in the State of Georgia, including

the conduct complained of herein.

6.   Pursuant to 28 U.S.C. § 1391, venue is proper in the Northern District of

Georgia because a substantial part of the events or omissions giving rise to the

claims occurred in this district.   Pursuant to LR 3.1B(3), NDGa, venue is

proper in the Atlanta Division because the conduct complained of herein

occurred in Fulton County, which is in the Atlanta Division.

## FACTUAL ALLEGATIONS

7.     Plaintiff is the subscriber for the cellular telephone with the number 678-XXX-

2312 (the "Cell Phone").

8.     In or about January, 2016, Plaintiff began receiving calls on his Cell Phone

from Defendant seeking to collect a debt allegedly owed by Plaintiff.

9.     Defendant's calls to Plaintiff were made from phone number 800-955-6600.

10.    Phone number 800-955-6600 is a phone number that belongs to Defendant.

11.    For approximately two months, Plaintiff received thirty (30) similar calls.

12.    When he answered calls from Defendant, Plaintiff heard a series of pauses

and/or clicks and a delay at the beginning of Defendant's calls.

13.    Upon information and belief, Defendant used an autodialer and/or predictive

dialing equipment to make its calls to Plaintiff.

14.    Upon information and belief, Plaintiff did not provide his Cell Phone

number to Defendant during the transaction that resulted in the alleged debt,

and never provided consent for Defendant to call him on his Cell Phone.

15.    To the extent Plaintiff provided consent for Defendant to call him on Cell

Phone, Plaintiff revoked that consent in or about early January 2016.

16.     Subsequent to his revocation of consent, Plaintiff did not provide additional consent for Defendant to contact him.

17.     Defendant's calls to Plaintiff had no emergency purpose.

18.     Rather, Defendant advised Plaintiff that its calls were for the purpose of debt collection.

19.     Plaintiff was unable to avoid or escape Defendant's repetitive calls.  Even attempts to "block" the calls still resulted in brief "rings" and other alerts to Plaintiff's Cell Phone.

20.     Once Defendant knew that Plaintiff did not wish to be called, there was no purpose for placing additional calls to his Cell Phone other than to annoy, abuse, or otherwise harass Plaintiff.

21.     Plaintiff carries his Cell Phone regularly and at most times to be accessible to his family, friends, and work-place.   Calls from Defendant have interrupted and interfered with Plaintiff's daily life, including activities of daily living, interactions with family and friends, and work activity.

22.     Defendant's campaign of harassing phone calls has caused Plaintiff actual damages, including, but not limited to the following: the consumption of "data," "airtime," and/or "minutes" as contemplated in Plaintiff's cellular

service plan, that has the end result of Plaintiff paying for the calls initiated by Defendant (the "Cell Charges"); emotional distress—including frustration and aggravation—in managing the persistent calls; and expenses associated with seeking to enforce Defendant's compliance with the law.

## **TRIAL BY JURY**

23.   Plaintiff is entitled to and hereby requests a trial by jury.

## **CAUSES OF ACTION**

## **COUNT I**

## **VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227**

24.   Plaintiff incorporates by reference paragraphs 1 through 23 as though fully stated herein.

25.   For approximately two months, Plaintiff received at least thirty-one similar calls from Defendant's number 800-955-6600.

26.   Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by making repeated phone calls to Plaintiff's Cell Phone, without permission or emergency purpose, and using an autodialer and/or predictive dialing equipment.

27. As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff is entitled to recover a minimum of $500.00 for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

28. Defendant knew that it did not have Plaintiff's consent to call Plaintiff's Cell Phone at all.  As such, Defendant's repeated calls were knowing and/or willful violations of the TCPA.

29. Accordingly, pursuant to 47 U.S.C. § 227(b)(3)(C), Defendant's knowing and/or willful violations of the TCPA entitles Plaintiff to triple the amount of damages to which Plaintiff is otherwise entitled under 47 U.S.C. § 227(b)(3)(B).

## COUNT II

## VIOLATIONS OF THE GEORGIA FAIR BUSINESS PRACTICES ACT
## O.C.G.A. § 10-1-393(a)

30. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

31. O.C.G.A. § 10-1-393(a) broadly prohibits unfair business practices.

32. It was unfair for Defendant to call Plaintiff's Cell Phone repeatedly, without consent, for the purpose of attempting to collect a debt, when Defendant had

actual knowledge that Plaintiff did not consent to Defendant calling Plaintiff on his Cell Phone.

33. It was unfair for Defendant to continue to contact Plaintiff after he requested that Defendant stop contacting him.

34. Defendant's actions have interfered with Plaintiff's daily life in a manner that Plaintiff did not invite, disclaimed, and could not reasonably escape.

35. As pled above, Plaintiff was harmed by Defendant's unfair conduct.

36. Defendant has a history of alleged TCPA violations, as evidenced by a recent class action in the Northern District of Illinois, where the class was comprised of individuals who received calls from Defendant's dialers to a cellphone, from an automatic telephone dialing system, with an attempt to collect on a credit card debt from January 2008 to June 2014 and from February 2009 to June 2014..

37. Upon information and belief, Defendant regularly uses repeated, unauthorized calls to consumers in its debt collection efforts.

38. Upon information and belief, repeated and unauthorized calls to consumers are Defendant's modus operandi for debt collection, and such calls are made on a wide scale.

39.  Defendant's conduct amounts to an unfair business practice.

40.  Defendant's conduct has implications for the consuming public in general and potential negative impact on the consumer marketplace.

41.  Defendant does not maintain a place of business in Georgia and has no assets in Georgia, thus relieving the Plaintiff of the Notice and Demand requirement of O.C.G.A. § 10-1-399(b).

42.  As a result of Defendant's violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover general damages pursuant to O.C.G.A. § 10-1-399(a).

43.  As a result of Defendant's willful and wanton violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover exemplary damages pursuant to O.C.G.A. § 10-1-399(a).

44.  Defendant's actions were intentional, rendering Defendant liable for treble damages pursuant to O.C.G.A. § 10-1-399(c).

45.  Plaintiff is entitled to recover reasonable attorneys' fees and expenses pursuant to O.C.G.A. § 10-1-399(d).

46.  Furthermore, because Defendant has acted in bad faith, been stubbornly litigious, and/or caused Plaintiff unnecessary trouble and expense, Plaintiff

is also entitled to an award of reasonable attorneys' fees and expenses pursuant to O.C.G.A. § 13-6-11.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants for:

a.) Damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B) & (C);

b.) General, exemplary, and treble damages pursuant to O.C.G.A. §§ 10-1-399(a) & (c);

c.) Actual damages;

d.) Reasonable attorneys' fees and costs pursuant to O.C.G.A. §§ 10-1-399(d) and/or 13-6-11; and

e.) Such other and further relief as may be just and proper.

Respectfully submitted, this 29th day of April, 2016.

/s/ Paul J. Sieg
Paul J. Sieg, Bar No.: 334182
Matthew T. Berry, Bar No.: 055663
Berry & Associates
2751 Buford Highway, Suite 600
Atlanta, GA 30324
Ph. (404) 235-3305

Fax (404) 235-3333
psieg@mattberry.com
matt@mattberry.com
*Plaintiff's Attorneys*